```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                        PARKERSBURG
```

**JAMES D. NOBLES,**

      **Plaintiff,**

v.                                              Case No. 6:07-cv-00546

**STATE OF WEST VIRGINIA,**
**WOOD COUNTY, WEST VIRGINIA,**
**JOE MANCHIN, DEBBIE TEMSVARY,**
**WENDY MILLER, ANGELA HATFIELD,**
**KATRINA M. CHRIST, JODIE BOYLEN,**
**LAUREA ELLIS, and JOHN ARNOTT,**

      **Defendants.**

### PROPOSED FINDINGS AND RECOMMENDATION

On September 5, 2007, pro se Plaintiff James D. Nobles filed a Complaint (docket sheet document # 2) and an Application to Proceed Without Prepayment of Fees (# 1). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Pursuant to 28 U.S.C. § 1915(e)(2)(B), in a proceeding, such as this one, where the Plaintiff seeks to proceed in forma pauperis (without prepayment of fees), the court shall dismiss the case at any time if the court determines that the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief

may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

A Complaint fails to state a claim upon which relief can be granted if "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." <u>Veney v. Wyche</u>, 293 F.3d 726 (4th Cir. 2002)(section 1983 complaint dismissed under 28 U.S.C. § 1915 for failure to state a claim upon which relief could be granted). However, the court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." This screening is generally done prior to consideration of the Application to Proceed Without Prepayment of Fees.

<u>Pro</u> <u>se</u> complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. Because it is "beyond doubt" that the plaintiffs' Complaint fails to allege facts entitling them to

relief, and because they seeks monetary damages against immune defendants, they should not be given an opportunity to offer evidence in support of their claims.  See, Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

## PLAINTIFF'S COMPLAINT

Plaintiff's Complaint is difficult to understand.  However, it appears that Plaintiff is challenging actions taken by employees or officials affiliated with the West Virginia Department of Health and Human Resources that resulted in the loss of Plaintiff's custody of his child.  Plaintiff seeks the return of the custody of his child and 40 million dollars in damages.

## ANALYSIS

A.  **Eleventh Amendment Immunity.**

Plaintiff's Complaint against the State of West Virginia and its officials is barred by the Eleventh Amendment to the United States Constitution, which provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state."  U.S. Const., Amend. XI.[1]  It is clear that, regardless of the relief sought, the Eleventh Amendment bars suits

---

[1] Although not expressly stated in the amendment, the Eleventh Amendment has been held to bar suits against a state by its own citizens as well.  See Edelman v. Jordan, 415 U.S. 651, 662-663 (1974).  Such is the case here.

3

by private citizens against a state in federal court, unless the state has specifically waived its right to immunity.  Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-99, 101 (1984).

A state can only waive its sovereign immunity by unequivocal expressions or actions.  Id. at 99; see also Edelman v. Jordan, 415 U.S. 651, 673 (1921).  Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power.  Seminole Tribe v. Florida, 517 U.S. 44, 54 (1996).

Plaintiff has not raised any claims under a statute in which Congress has clearly and unequivocally abrogated the State's Eleventh Amendment immunity, and Plaintiff has failed to assert a meritorious argument that the State of West Virginia has waived its sovereign immunity.  Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the State of West Virginia and the defendants in their official capacity are immune from suit in this federal court under the Eleventh Amendment to the United States Constitution.

**B.   Domestic Relations Exception.**

Even if Plaintiff could overcome the Eleventh Amendment bar to this lawsuit, the "domestic relations exception" to federal jurisdiction, as defined in Barber v. Barber, 62 U.S. 582 (1858), and Ankenbrandt v, Richards, 504 U.S. 689 (1992) applies to Plaintiff's claims.  (Id. at 3-4).  In Ankenbrandt, the Supreme

4

Court held:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since <u>Barber</u>, divests the federal courts of power to issue divorce, alimony, and child custody decrees.
>
> * * *
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

504 U.S. at 703-704.

Plaintiff seeks, as part of his relief, an order returning custody of his child to him, which is exactly the type of claim intended to be barred under the domestic relations exception. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the claims in Plaintiff's Complaint fall within the domestic relations exception to federal jurisdiction and, thus, this court lacks jurisdiction to consider Plaintiff's claims.

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Plaintiff's Complaint (#

5

2) under 28 U.S.C. § 1915(e)(2)(B), and **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees (# 1).

Plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have ten days (filing of objections) and three days (service/mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiffs.

    October 3, 2007
         Date

Mary E. Stanley
United States Magistrate Judge